BRIAN J. STRETCH (CABN 163973)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7025
Facsimile:  (415) 436-6748
Email:  pamela.johann@usdoj.gov

Attorneys for the United States of America

FILED

NOV 22 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*Matter of Maumgolf Co., Inc.*
Case No. 2017Heo1793
Ref. No. 2017-F-1901

*Matter of Maumgolf Co., Inc.*
Case No. 2017Heo1519
Ref. No. 2017-F-1902

LETTERS OF REQUEST FROM NATIONAL COURT ADMINISTRATION OF THE REPUBLIC OF KOREA FOR INFORMATION FROM GOOGLE LLC

CV 17-80145 MISC JCS

MISC NO.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

## INTRODUCTION

In the above captioned referenced actions pending in the Patent Court in the Republic of Korea ("South Korea"), the National Court Administration has requested assistance under the Hague Convention in the taking of evidence from Google LLC, formerly known as Google Inc. ("Google").[1] Lacking jurisdiction to obtain information directly from Google on United States soil, the South Korean

---

[1] The requests from the Republic of Korea were directed to Google Inc.  On September 30, 2017, Google Inc. filed a Certificate of Conversion with the Delaware Secretary of State, in which Google Inc. converted from a corporation to a limited liability company and changed its name to Google LLC. Declaration of Pamela T. Johann ¶ 2.

MEMORANDUM OF POINTS AND AUTHORITIES
1

court has requested that the United States Attorney's Office provide it with information from Google relevant to those civil matters. The present application requests that this Court appoint Assistant United States Attorney Pamela T. Johann as Commissioner to take testimony from Google, so that AUSA Johann can subpoena certain information from Google to transmit to the South Korean court. Google and the United States Attorney's Office have met and conferred about the substance of the requests and about the procedure to provide the South Korean court with the information it seeks. Google does not object to the appointment.

## I. FACTUAL BACKGROUND

### A. Information Sought By The South Korean Court.

This application pertains to two separate Requests for Assistance sought in connection with two cases between Plaintiff Maumgolf Co., Inc. and Defendant GolfZone Co., Inc. currently pending in the Patent Court in Seo-gu, Daejon in the Republic of Korea. These two requests, referred to as "1901" and "1902," seek overlapping and in some cases identical information from Google and therefore have been combined for the purpose of this application. Both requests ask Google to verify that it operates and manages the website YouTube and to confirm when it began doing so. Second, these requests ask Google to explain what the Korean characters translated as "uploaded date," as used in reference to YouTube videos, means. Finally, the requests ask Google to confirm when certain specific videos were uploaded on YouTube. Request 1901 seeks this information with respect to three videos with purported upload dates of February 9, 2009, June 3, 2008, and November 25, 2009. Request 1902 seeks the information with respect to three videos with purported upload dates of August 11, 2009, November 22, 2009, and April 4, 2010. *See* Declaration of Pamela T. Johann ("Johann Decl.") ¶¶ 2-4. This information is sought by the South Korean court for use in the above-referenced lawsuits in the Patent Court in Daejeon, Republic of Korea. *Id.*

### B. Meet And Confer With Google.

The undersigned Assistant U.S. Attorney has met and conferred telephonically and via electronic mail with legal counsel for Google regarding the South Korean Court's request. Johann Decl. ¶ 3. Google's position is that it is willing to provide the information directly to the South Korean Court

pursuant to a United States federal court subpoena for the information. Johann Decl. ¶ 3. Google believes that it is prohibited by federal statute from providing the requested information to the United States Attorney's Office. *Id.* ¶ 3. The United States Department of Justice Civil Division, Office of International Judicial Assistance, to whom the requests were addressed, has confirmed that this procedure will be acceptable. *Id.* ¶ 4.

## II.     ARGUMENT

The United States District Courts are empowered by 28 U.S.C. Section 1782 to subpoena witnesses and compel the production of documents on behalf of foreign and international tribunals. In this case, a South Korean Court requests the U.S. Department of Justice to obtain information and documents from Google in Mountain View, California, which is located within the jurisdiction of this Court. As set forth in the accompanying Declaration and Proposed Order, the United States and Google have negotiated a mutually acceptable procedure to handle the request in this particular case.

### A.     This Court Should Appoint A Commissioner To Subpoena Information From Google On Behalf Of The South Korean Court.

The authority of this Court to order the production of evidence for use in a proceeding in a foreign country is set forth in 28 U.S.C. § 1782, which provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has the power to administer any necessary oath and take the testimony or statement.

28 U.S.C. § 1782(a). The legislative history shows that Congress intended for the United States to set an example for other countries in rendering international judicial assistance. The Senate report states:

> Enactment of the bill into law will constitute a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.
>
> It is hoped that the initiative taken by the United States in improving its

MEMORANDUM OF POINTS AND AUTHORITIES

3

>procedures will invite foreign countries similarly to adjust their procedures.

S. Rep. No. 1580, 88th Cong., 2d Sess., reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3783.

The proper criteria for determining whether the court should exercise its discretion in favor of assisting a foreign tribunal are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720 (9th Cir. 1977):

>Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal. This court also has held that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

555 F.2d at 723 (citation omitted).

The letters of request in this case establish that (1) the requests were made by a foreign tribunal, the Patent Court in Daejeon, Republic of Korea; (2) the information sought is for use in proceedings in that tribunal; and (3) the requests relate to a judicial controversy in the Republic of Korea. Accordingly, the requests come well within those circumstances contemplated by Congress in expanding the federal courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Toyko District, Toyko, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, the United States asks this Court to honor the requests for assistance.

B.  **Google And The United States Have Agreed That Google May Send Responsive Information Directly To The South Korean Court.**

The United States and Google have agreed that Google may release the requested information in this particular case directly to the South Korean Court in accordance with the terms and conditions set forth in the accompanying proposed order. Google has stated that it does not oppose the entry of the accompanying proposed order. Johann Decl. ¶¶ 2-4.

The reception of letters rogatory and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Tokyo Dist.*, 539 F.2d at 1220.

MEMORANDUM OF POINTS AND AUTHORITIES

However, the United States has met and conferred with Google and served Google with this application and supporting papers, and Google does not object to the relief requested therein. As described in the proposed order, Google will provide notice of the subpoena to the relevant users and afford them the opportunity to file an objection or motion to quash in this action.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests this Court to issue the accompanying proposed order.

DATED: November 22, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

*/s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

MEMORANDUM OF POINTS AND AUTHORITIES
5